**SARA M. PELOQUIN**
California State Bar No. 254945
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5030
Telephone: (619) 234-8467/ Fax: (619) 687-2666
E-mail: sara_peloquin@fd.org

Attorneys for Mr. Walters

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE CATHY A. BENCIVENGO)**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 13CR1562-CAB |
| Plaintiff, | Date: June 7, 2013<br>Time: 11:00 a.m. |
| v. | |
| **KENNARD WALTERS,** | STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS |
| Defendant. | |

**I.**

**STATEMENT OF FACTS**

On March 26, 2013, Mr. Walters was arrested in the Northern District of California on suspicion of Assault on a Federal Officer in violation of 18 U.S.C. § 111 for events which allegedly occurred on March 22, 2013 in San Diego. On April 12, 2013, he appeared for the first time in the Southern District of California.

On May 28, 2013, he was arraigned on an indictment charging him with Assault on a Federal Officer in violation of 18 U.S.C. § 111(a) and (b) a felony, and Unauthorized Wearing of a Uniform of an Armed Forces Officer in violation of 18 U.S.C. § 702, a misdemeanor.

These motions follow.

## II.

## __MOTION TO COMPEL DISCOVERY/PRESERVE EVIDENCE__

Mr. Walters moves for the production of the following discovery. This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies." *See United States v. Bryan*, 868 F.2d 1032 (9th Cir. 1989).

(1)   <u>Mr. Walters's Statements</u>. Mr. Walters hereby requests that the government provide him with a copy of all of his statements. *See* FED. R. CRIM. P. 16(a)(1)(A)&(B).

(2)   <u>Arrest Reports and Notes</u>. Mr. Walters requests that the government turn over all arrest reports, notes and records not already produced that relate to the circumstances surrounding his arrest or any questioning. This request includes, but is not limited to, any rough notes, records, reports, transcripts, or other documents in which statements of the defendant or any other discoverable material is contained. Such material is discoverable under FED. R. CRIM. P. 16(a)(1)(A) and *Brady v. Maryland*, 373 U.S. 83 (1963). The government must produce arrest reports, investigators' notes, memos from arresting officers, sworn statements, and prosecution reports pertaining to the defendant. *See* FED. R. CRIM. P. 16(a)(1)(B) and (C), 26.2 and 12(I); *United States v. Harris*, 543 F.2d 1247, 1253 (9th Cir. 1976) (original notes with suspect or witness must be preserved); *see also United States v. Andersson*, 813 F.2d 1450, 1458 (9th Cir. 1987) (reaffirming *Harris*' holding). **This request includes, but is not limited to, all reports from March 22, 2013.**

(3)   <u>Dispatch Tapes</u>. Mr. Walters requests the Government produce all relevant dispatch tapes from March 22, 2013. *See* FED. R. CRIM. P. 16(a)(1)(B) and (C), FED. R. CRIM. P. 26.2 and 12(I).

(4)   <u>Brady Material</u>. Mr. Walters requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case. *See Brady v. Maryland*, 373 U.S. 83 (1963); *Kyles v. Whitley*, 514 U.S. 419 (1995). Under *Brady*, *Kyles* and their progeny, impeachment, as well as exculpatory evidence, falls within the definition of evidence favorable to the accused.

1  *See also United States v. Bagley*, 473 U.S. 667 (1985); *United States v. Agurs*, 427 U.S. 97

2  (1976).  This includes information obtained from other investigations which exculpates

3  Mr. Walters.

4      (5)    <u>Any Information That May Result in a Lower Sentence</u>.  Mr. Walters requests

5  any information that may result in a lower sentence. *Brady v. Maryland*, 373 U.S. 83 (1963).

6  This request includes any cooperation, or attempted cooperation, by the defendant, as well

7  as any information, including that obtained from other investigations or debriefings, that

8  could affect any base offense level or specific offense characteristic under the Sentencing

9  Guidelines and factors set forth in 18 U.S.C. § 3553(a).

10     (6)    <u>Mr. Walters's Prior Record</u>.  Mr. Walters requests disclosure of his prior record.

11  FED. R. CRIM. P. 16(a)(1)(D).

12     (7)    <u>Federal Rules of Evidence 404(b) and 609 Disclosures</u>.  Pursuant to Federal

13  Rule of Criminal Procedure 16(a)(1)(C) and Federal Rules of Evidence 404(b) and 609,

14  Mr. Walters requests that the government provide notice of its intent to introduce 404(b) or

15  609 evidence three weeks prior to trial.

16     (8)    <u>Evidence Seized</u>.  Mr. Walters requests production of evidence seized as a result

17  of the arrest, as well as evidence seized as the result of a search, either warrantless or with

18  a warrant.  FED. R. CRIM. P. 16(a)(1)(E).

19     (9)    <u>Request for Preservation of Evidence</u>.  Mr. Walters requests the preservation

20  of any and all physical evidence that may be destroyed, lost, or otherwise put out of the

21  possession, custody, or care of the government, and which relates to the arrest, or the events

22  leading to the arrest, in this case.  This request includes, but is not limited to, the vehicle, the

23  drugs, the results of any fingerprint analysis, Mr. Walters's personal effects, any evidence

24  seized from Mr. Walters, or any third party in relation to this case, and all audio or video

25  recordings of Mr. Walters or any third parties related, directly or indirectly, to this case.

26     (10)   <u>Tangible Objects</u>.  Mr. Walters requests the opportunity to inspect and copy, as

27  well as test, if necessary, all other documents and tangible objects, including photographs,

28  books, papers, documents, fingerprint analyses, or copies of portions thereof, which are

material to the defense, or intended for use in the government's case-in-chief, or were obtained from or belong to the defendant.  FED. R. CRIM. P. 16(a)(1)(D).

(11)  <u>Henthorn Material</u>.  Mr. Walters requests that the Assistant United States Attorney assigned to this case oversee a review of all personnel files of each agent involved in the present case for impeachment material.  *Kyles*, 514 U.S. at 419; *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991); *United States v. Lacy*, 896 F.Supp. 982 (N.D. Ca. 1995).  At a minimum, the prosecutor has the obligation to inquire of his agents in order to ascertain whether or not evidence relevant to veracity or other impeachment exists.

(12)  <u>Evidence of Bias or Motive to Lie</u>.  Mr. Walters requests any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony.

(13)  <u>Impeachment Evidence</u>.   Mr. Walters requests any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction, and whether any witness has made a statement favorable to the defendant. *See* FED. R. EVID. 608, 609 and 613; *Brady v. Maryland*, 373 U.S. 83.

(14)  <u>Evidence of Criminal Investigation of Any Government Witness</u>. Mr. Walters requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct.

(15)  <u>Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling</u>. Mr. Walters requests any evidence, including any medical or psychiatric report or evaluation, that tends to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired, and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic.

(16)  <u>Giglio Information</u>.  Pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), Mr. Walters requests all statements and/or promises, express or implied, made to any government witnesses, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witness.

13CR1562-CAB

(17)   <u>Expert Witnesses</u>.  Mr. Walters requests the name, qualifications, and a written summary of the testimony of any person that the government intends to call as an expert witness during its case-in-chief. FED. R. CRIM. P. 16(a)(1)(G); *see also  Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999) (trial judge is "gatekeeper" and must determine reliability and relevancy of expert testimony and such determinations may require "special briefing or other proceedings . . . .").  Mr. Walters requests the notice of expert testimony be provided at a minimum of three weeks prior to trial so that the defense can properly prepare to address and respond to this testimony, including obtaining its own expert and/or investigating the opinions, credentials of the government's expert and obtain a hearing in advance of trial to determine the admissibility of qualifications of any expert. *See id.*

(18)   <u>Reports of Scientific Tests or Examinations</u>. Mr. Walters requests disclosure and the opportunity to inspect, copy, and photograph the results and reports of all tests, examinations, and experiments conducted upon the evidence in this case, including, but not limited to, any fingerprint testing done upon any evidence seized in this case, that is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and that are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial. FED. R. CRIM. P. 16(a)(1)(F). **Mr. Walters also specifically requests to be informed if the government has conducted any scientific tests or examinations regardless of whether the government intends on introducing evidence of such tests or examinations during its case-in-chief.**

(19)   <u>Jencks Act Material</u>.  Mr. Walters requests production in advance of trial of all material, including any tapes, which the government must produce pursuant to the Jencks Act, 18 U.S.C. § 3500; FED. R. CRIM. P. 26.2.  Advance production will avoid the possibility of delay at the request of the defendant to investigate the Jencks material.  A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report, or notes, to qualify as a statement under section 3500(e)(1). *Campbell v. United States*, 373 U.S. 487, 490-92 (1963); *see also United States v. Boshell*,

1  952 F.2d 1101 (9th Cir. 1991) (holding that where an agent goes over interview notes with

2  subject interview notes are subject to Jencks Act).

3      (20)   <u>Residual Request</u>.  Mr. Walters intends, by this discovery motion, to invoke his

4  rights to discovery to the fullest extent possible under the Federal Rules of Criminal

5  Procedure and the Constitution and laws of the United States.  Mr. Walters requests that the

6  government provide his attorney with the above-requested material sufficiently in advance

7  of trial to avoid unnecessary delay prior to cross-examination.

8                                    **III.**

9                  **<u>REQUEST FOR LEAVE TO FILE FURTHER MOTIONS</u>**

10      Mr. Walters and defense counsel have received 104 pages of discovery in this case.

11  Once new information surfaces due to the government providing discovery in response to

12  these motions, or an order of this Court, defense will be filing further motions.  The denial

13  of this motion will result in a violation, at a minimum, of Mr. Walters's Fifth and

14  Sixth Amendment rights.  Therefore, defense counsel requests the opportunity to file further

15  motions based upon information gained from discovery.

16                                    **IV.**

17                              **<u>CONCLUSION</u>**

18      For the reasons stated above, Mr. Walters moves this Court to grant his motions.

19                              Respectfully submitted,

20                              */s/ Sara M. Peloquin*

21  DATED:     May 30, 2013          **SARA M. PELOQUIN**
                                    Federal Defenders of San Diego, Inc.
22                                    Attorneys for Mr. Walters

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

Counsel for Defendant certifies that the foregoing pleading is true and accurate to the best of her information and belief, and that a copy of the foregoing document has been served this day upon:

**Paul L. Starita**
paul.starita@usdoj.gov

Dated: May 30, 2013                                    /s/  Sara M. Peloquin
                                                                    **SARA M. PELOQUIN**
                                                                    Federal Defenders of San Diego, Inc.
                                                                    225 Broadway, Suite 900
                                                                    San Diego, CA 92101-5030
                                                                    (619) 234-8467  (tel)
                                                                    (619) 687-2666  (fax)
                                                                    e-mail: Sara_Peloquin@fd.org

13CR1562-CAB